**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____

|  |  |  |
|---|---|---|
| **LISA C. PAZOL, MARIA C. NEWMAN,** | ) | |
| **LISA RUSS, and AUDREY J. BENNET, on** | ) | **CIVIL ACTION** |
| **behalf of themselves and others similarly** | ) | |
| **situated,** | ) | **NO. 19-40010-TSH** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **TOUGH MUDDER INCORPORATED,** | ) | |
| **TOUGH MUDDER, LLC, and BK BRIDGE** | ) | |
| **EVENTS, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

_____ )

**ORDER AND MEMORANDUM ON DEFENDANT'S MOTION TO DISMISS AND**
**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT (Docket Nos. 18 & 25)**

**June 13, 2019**

**HILLMAN, D.J.**

Lisa C. Pazol, Maria A. Newman, Lisa Russ, and Audrey J. Bennet ("Plaintiffs") bring this

action asserting several claims against Tough Mudder Inc. ("Tough Mudder") resulting from its

failure to hold an event in the advertised location and the subsequent mediation of those claims,

which resulted in a settlement.

Tough Mudder now moves to dismiss Plaintiffs' claims for breach of contract (Count I),

breach of the covenant of good faith and fair dealing (Count II), unjust enrichment (Count (III),

violations of Mass. Gen. Laws ch. 93A (Counts IV and VII), and declaratory judgment (Count

VIII). For the reasons stated below, Tough Mudder's motion (Docket No. 18) is ***granted***.

In addition, Plaintiffs move for summary judgment on breach of the settlement agreement (Count V).  For the reasons stated below, Plaintiffs' motion (Docket No. 25) is also ***granted***.  As explained below, however, the Court will not rescind the parties' settlement agreement.

## Background

Plaintiffs registered and paid to participate in Tough Mudder's Boston-area "Mudderella" obstacle course event, scheduled to take place on September 6, 2014 in Haverhill, Massachusetts. Just days before the event, Tough Mudder moved the location to Westbrook, Maine.  Plaintiffs were unable to attend, and Tough Mudder refused to refund their registration fees.

When registering for the Mudderella Boston event on the Tough Mudder website, each of the Plaintiffs agreed to the "Participant Assumption of Risk, Waiver of Liability, and Indemnity Agreement." (Docket No. 10-3, at 6-12).  That agreement contained an agreement to arbitrate claims, reading in relevant part:

> Mediation and Arbitration: In the event of a legal issue, I agree to engage in good faith efforts to mediate any dispute that might arise.  Any agreement reached will be formalized by a written contractual agreement at that time.  Should the issue not be resolved by mediation, I agree that all disputes, controversies, or claims arising out of my participation in the Mudderella event shall be submitted to binding arbitration.

*Id.* at 9.

In November 2014, Plaintiffs served their complaint on Tough Mudder.  Tough Mudder removed the case to this Court. *See* 28 U.S.C. § 1446(b).  Tough Mudder asserted that removal was proper under the Class Action Fairness Act of 2005 ("CAFA"), which permits federal courts to adjudicate class actions asserting state-law claims. 28 U.S.C. § 1332(d)(2).  This Court found jurisdiction proper under CAFA, granted Tough Mudder's motion to compel mediation and arbitration, and denied Plaintiffs' motion to remand. *Pazol v. Tough Mudder Inc.*, 100 F. Supp. 3d 74 (D. Mass. 2015).  On appeal, the First Circuit reversed and held that this Court did not have

jurisdiction because the amount in controversy was insufficient to warrant CAFA jurisdiction, and consequently, reversed this Court's ruling on Plaintiffs' motion to remand. *Pazol v. Tough Mudder Inc.*, 819 F.3d 548 (1st Cir. 2016).  The First Circuit did not reach the arbitration issue. *Id.* at 551.

In Worcester Superior Court, Tough Mudder again moved to compel arbitration.  On January 24, 2017, that court dismissed Plaintiffs' action and compelled individual mediation and arbitration of Plaintiffs' claims.  On May 7, 2018, the Massachusetts Appeals Court affirmed. *Pazol v. Tough Mudder Inc.*, 93 Mass. App. Ct. 1109 (2018).  The Appeals Court reasoned that "[n]othing in the setting of its execution suggests that the arbitration provision was procedurally unconscionable." *Id.*  Further, when discussing the scope of the arbitration agreement, the court noted that "[i]n a number of contexts, we have construed the phrase 'arising out of' and similar phrases . . . in an arbitration clause as constituting 'broad' language that invokes the FAA's . . . presumption in favor of arbitration" *Id.* (quoting *Warfield v. Beth Israel Deaconess Medical Center, Inc.*, 454 Mass. 390, 396-397, 910 N.E.2d 317 (2009)).  The Supreme Judicial Court subsequently denied Plaintiffs' application for further appellate review. 480 Mass. 1104 (2018).

While Plaintiffs' application for further appellate review was pending, the parties agreed to mediate their claims.  That mediation resulted in a settlement agreement mandating that Tough Mudder pay Plaintiffs $225,000 on or before November 26, 2018. (Docket No. 10-3, at 16-27). Tough Mudder, however, failed to make the payment when it became due.

Thereafter, Plaintiffs filed an emergency motion in the Worcester Superior Court for a temporary restraining order and preliminary injunction pursuant to Mass. R. Civ. P. 60(b)(6) seeking to enjoin Tough Mudder from dissipating its assets or from forming a new company.  On January 7, 2019, Plaintiffs moved to amend their Complaint to include several new counts related

to Tough Mudder's breach of the settlement agreement.  On January 11, 2019, that motion was allowed by a Superior Court Judge.

On January 10, 2019, Tough Mudder removed to this Court on the grounds of diversity jurisdiction. *See* 28 U.S.C. §§ 1332, 1441.  On February 1, 2019, Tough Mudder filed this motion to dismiss several of Plaintiffs' claims.

### Legal Standards

#### 1.  Motion to Dismiss Standard

A defendant may move to dismiss, based solely on the complaint, for the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559, 127 S.Ct. 1955 (2007).  Although detailed factual allegations are not necessary to survive a motion to dismiss, the standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555, 127 S.Ct. 1955.  "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 13 (1st Cir. 2011).

In evaluating a motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Langadinos v. American Airlines, Inc.*, 199 F.3d 68, 68 (1st Cir. 2000).  It is a "context-specific task" to determine "whether a complaint states a plausible claim for relief," one that "requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937 (2009).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).  On the other hand, a court may

4

not disregard properly pled factual allegations, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955.

### 2.   Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment if the moving party shows, based on the materials in the record, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A factual dispute precludes summary judgment if it is both "genuine" and "material." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505 (1986). An issue is "genuine" when the evidence is such that a reasonable factfinder could resolve the point in favor of the nonmoving party. *Morris v. Gov't Dev. Bank of Puerto Rico*, 27 F.3d 746, 748 (1st Cir. 1994). A fact is "material" when it might affect the outcome of the suit under the applicable law. *Id*.

The moving party is responsible for "identifying those portions [of the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986). It can meet its burden either by "offering evidence to disprove an element of the plaintiff's case or by demonstrating an 'absence of evidence to support the nonmoving party's case.'" *Rakes v. United States*, 352 F. Supp. 2d 47, 52 (D. Mass. 2005), *aff'd*, 442 F.3d 7 (1st Cir. 2006) (quoting *Celotex*, 477 U.S. at 325, 106 S.Ct. 2548). Once the moving party shows the absence of any disputed material fact, the burden shifts to the non-moving party to place at least one material fact into dispute. *Mendes v. Medtronic, Inc.*, 18 F.3d 13, 15 (1st Cir. 1994) (citing *Celotex*, 477 U.S. at 325, 106 S.Ct. 2548). When ruling on a motion for summary judgment, "the court must view the facts in the light most favorable to the non-moving party,

drawing all reasonable inferences in that party's favor." *Scanlon v. Dep't of Army*, 277 F.3d 598, 600 (1st Cir. 2002) (internal quotation marks omitted).

## Discussion

*1.  Tough Mudder's Motion*

*a.  Counts I, II, III, & IV*

Counts I, II, III, and IV are premised on Tough Mudder's conduct in the underlying dispute which was referred to mediation.  As noted above, that mediation resulted in a Settlement Agreement. (Docket No. 1-1, at 54-66).  Tough Mudder agreed to pay Plaintiffs $225,000, *id.* at 56, and the parties agreed the settlement "completely resolve[d] any claims and disputes regarding the Event." *Id.* at 55.  Tough Mudder concedes that it breached the Settlement Agreement, but the parties disagree about the proper remedy.  Tough Mudder believes that Plaintiffs' remedy is simply to enforce the Settlement Agreement.  Plaintiffs argue that Tough Mudder forfeited its right to enforce the arbitration agreement because it failed to satisfy the necessary precondition to mediate in good faith and that they should therefore be allowed to pursue the underlying claims in court as a class.[1]

Under Massachusetts law, "[e]very contract implies good faith and fair dealing between the parties to it." *Warner Ins. Co. v. Commissioner of Ins.*, 406 Mass. 354, 362 n.9, 548 N.E.2d 188 (1990) (quoting *Kerrigan v. Boston*, 361 Mass. 24, 33, 278 N.E.2d 387 (1972)).  The Supreme Judicial Court has found a breach of the covenant where a party enters a contract without any intention of completing it, *see, e.g.*, *K.G.M. Custom Homes, Inc. v. Prosky*, 468 Mass. 247, 254-55, 10 N.E. 3d 117 (2014), or where the asserted reason for terminating the contract concealed an illegitimate one. *See, e.g.*, *T.W. Nickerson, Inc. v. Fleet National Bank*, 456 Mass. 562, 571, 924

---

[1] As noted above, the Agreement states, in relevant part, "[i]n the event of a legal issue, I agree to engage in good faith efforts to mediate any dispute that might arise." (Docket No. 10-3, at 9).

N.E.2d 696 (2010) ("Our focus is not whether the trust was properly terminated but whether, in the context of Fleet's management of the leases as trustee, the reason or termination (without regard for whether termination was correct) was evidence of a lack of good faith toward the plaintiff. In other words, we may look to the motive of the trustee in terminating the trust . . . ."); *Fortune v. National Cash Register Co*, 373 Mass. 96, 104-05, 364 N.E.2d 1251 (1977) (upholding jury's finding that employer breached covenant of good faith and fair dealing by terminating employee in order to deprive him of his commission).

There is no evidence to suggest that Tough Mudder did not mediate in good faith. The parties reached a mutually acceptable agreement, which indicates that the parties mediated in good faith. Plaintiffs argue that Tough Mudder's conduct since mediation has been uncooperative and constitutes bad faith.[2] Assuming, for the sake of argument, that Tough Mudder's conduct after mediation has been improper, there is no evidence that Tough Mudder entered the settlement agreement without the intention to pay or that its motive for failing to pay evidenced bad faith. Instead, Tough Mudder has assured this Court that it will not dissipate assets to avoid payment, (Docket No. 16), and agreed to pay Plaintiffs the settlement amount plus statutory interest. (Docket No. 22-2).

Plaintiffs may not attempt to relitigate their claims that were already resolved in mediation. Instead, their remedy is to enforce the Settlement Agreement. Consequently, Counts I, II, III, and IV are dismissed.

### b.   Count VIII

---

[2] Plaintiffs allege that on December 27, 2018, Tough Mudder's counsel told the Superior Court that "Plaintiffs could sue/chase [Tough Mudder] for their money." (Docket No. 1-1 ¶ 17). On January 14, 2019, however, this Court had a hearing on Plaintiffs' motion for a preliminary injunction where Tough Mudder's counsel told the Court that Tough Mudder intended to pay Plaintiffs and stated Tough Mudder would not dissipate assets to avoid payment.

Plaintiffs seek declaratory judgment that they may proceed with Counts I, II, III, and IV in court as a class rather than individually in arbitration. This Court has already upheld the arbitration agreement. *See Pazol*, 100 F. Supp. 3d 74. As have Massachusetts courts. *See Pazol*, 93 Mass. App. Ct. 1109. As noted above, because there is no evidence that Tough Mudder pursued mediation in bad faith, there is no need to reexamine whether the arbitration agreement is enforceable.

### c.   Count VII

Massachusetts law protects consumers from "unfair or deceptive acts or practices in the conduct of any trade or commerce." Mass. Gen. Laws ch. 93A, § 2. Plaintiffs argue that Tough Mudder's conduct during and after mediation, coupled with its failure to pay the settlement agreement, constitutes a violation of Chapter 93A.

"What constitutes an unfair or deceptive practice requires an individualized, fact-specific inquiry. *Woods v. Wells Fargo Bank, N.A.*, 733 F.3d 349, 358 (1st Cir. 2013) (internal quotation marks omitted). Typically, however, a plaintiff must demonstrate "something beyond a mere good faith dispute, failure to pay, or simply breach of contract." *Id.*; *see also City of Beverly v. Bass River Golf Management, Inc.*, 92 Mass.App.Ct. 595, 606 (2018) ("[M]ere breach of contract, without more, does not amount to a violation of G. L. c. 93A."). For instance, "conduct in disregard of known contractual arrangements and intended to secure benefits for the breaching party constitutes an unfair act or practice for c. 93A purposes." *Anthony's Pier Four, Inc. v. HBC Assocs.*, 411 Mass. 451, 474, 583 N.E.2d 806 (1991) (internal quotation marks omitted); *see also Zabin v. Picciotto*, 73 Mass.App.Ct. 141, 169 (2008) ("Only when the breaching party uses its failure to make payments as a wedge against the other party to gain advantages does the breaching party's conduct rise to the level of an unfair trade practice under G.L. c. 93A."); *Atkinson v.*

*Rosenthal*, 33 Mass.App.Ct. 219, 670-71 (1992) (noting that 93A claims may lie where a party "use[s] of a breach of contract as a lever to obtain advantage for the party committing the breach in relation to the other party; i.e., the breach of contract has an extortionate quality that gives it the rancid flavor of unfairness.  In the absence of conduct having that quality, a failure to perform obligations under a [contract], *even though deliberate and for reasons of self-interest*, does not present an occasion for invocation of c. 93A remedies." (emphasis added) (citation omitted)).  Thus, "[c]ourts must consider whether the nature, purpose, and effect of the challenged conduct is coercive or extortionate." *Diamond Crystal Brands, Inc. v. Backleaf, LLC*, 60 Mass.App.Ct. 502, 507 (2004).

Plaintiffs have alleged no facts from which the Court can infer that Tough Mudder's breach had the requisite extortionate quality to give rise to a Chapter 93A claim.  Instead, after the breach, Tough Mudder offered to pay the settlement amount plus statutory interest, which is the appropriate remedy here.[3]

### 2.  *Plaintiff's Motion*

#### a.  *Count V*

As noted above, the parties agree that Tough Mudder breached the settlement agreement by failing to pay by November 26, 2018.  Plaintiffs argue that this breach was material and entitles

---

[3] In addition, Count VII fails because Chapter 93A includes a pre-suit notice provision which requires that "[a]t least thirty days prior to the filing of any such action, a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered" be sent to the respondent. Mass. Gen. Laws ch. 93A, § 9(3); *see also Entrialgo v. Twin City Dodge, Inc.*, 368 Mass. 812, 812, 333 N.E.2d 202 (1975) ("A demand letter listing the specific deceptive practices is a prerequisite to suit . . . ."). Plaintiffs are exempt from this prerequisite only if "the prospective respondent does not maintain a place of business or does not keep assets within [Massachusetts]." Mass. Gen. Laws ch. 93A, § 9(3).  Tough Mudder does maintain a place of business in Massachusetts. *See* Docket No. 1-1 ¶¶ 5-6.  In addition, Plaintiffs served their demand letter on January 2, 2019.  Therefore, Plaintiffs were required to wait until February 1, 2019 before filing Count VII.  Instead, On January 7, 2019, Plaintiffs amended their complaint in Superior Court to include Count VII.

them to rescission of the agreement. *See Lease-It, Inc. v. Mass. Port Auth.*, 33 Mass.App.Ct. 391, 396, 600 N.E.2d 599 (1992) ([O]nly a material breach of a contract . . . justifies a party thereto in rescinding it." (quoting 6 Williston, Contracts § 829 (3d ed. 1962))).

Tough Mudder contends that the breach was not material.  The Court agrees.  "A material breach of an agreement occurs when there is a breach of 'an essential and inducing feature of the contract[ ].'" *Id.* (quoting *Bucholz v. Green Bros. Co.*, 272 Mass. 49, 52, 172 N.E. 101 (1930)). Under Massachusetts law, "Parties have a right to make a stated time for performance the essence of a contract." *Porter v. Harrington*, 262 Mass. 203, 207, 159 N.E. 530 (1928); *see also Davis v. Dawson, Inc.* 15 F. Supp. 2d 64, 119 (D. Mass. 1998) ("Parties to an agreement can . . . insert a time is of the essence clause into an agreement and thereby make performance at the specified time essential to one's right to require performance of the other party." (internal quotation marks omitted)); *Owen v. Kessler*, 56 Mass.App.Ct. 466, 469, 778 N.E.2d 953 (2002) ("Under Massachusetts law, parties will be held to the deadlines they have imposed upon themselves when they agree in writing that time is to be of the essence.").  *Cf. Lou v. Main Street Associates*, 212 A.D.2d 675, 675, 622 N.Y.S.2d 761 (1995) ("Delay in performance of a contract where time is not of the essence is not a material breach on which to base the equitable remedy of rescission.").

Because there was no time is of the essence clause in the settlement agreement, Tough Mudder's brief delay is not a material breach that warrants rescission.  Indeed, shortly after that breach on January 10, 2019, Tough Mudder offered to pay Plaintiffs the settlement amount in addition to interest and mediation costs.  Plaintiffs settled their claims with Tough Mudder. Although Plaintiffs may now regret that settlement, this Court will not permit them to relitigate their claims.

## **Conclusion**

For the reasons stated above, Tough Mudder's motion (Docket No. 18) is ***granted***. Further, Plaintiffs' motion for summary judgment (Docket No. 25) is also ***granted***.  Because there was no material breach of the settlement agreement, however, Plaintiffs are not entitled to the equitable remedy of rescission.  Instead, the proper remedy is the agreed upon $225,000 plus interest.

**SO ORDERED**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**
